IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA     RESPONDENT

vs.     Criminal No. 6:17-cr-60014
    Civil No. 6:19-cv-06128

TODD MCDONALD     MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant is Todd McDonald ("McDonald") who filed a *pro se* Motion Under 28 U.S.C. § 2255 (2008) to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. ECF No. 57. McDonald filed this Motion on November 19, 2019. *Id.* After McDonald filed this Motion, the Court appointed Mr. Bruce Eddy to represent McDonald and to afford him the opportunity to clarify and to add any additional claims to McDonald's Motion. ECF No. 59. Once Mr. Eddy was appointed, he filed a Supplement to Motion to Vacate.[1] ECF No. 60. On March 6, 2020, the Government responded to this Motion. ECF No. 62.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion and the response; and based upon that review, the Court recommends this Motion be **DENIED**.

**1.**     **Procedural Background[2]:**

On April 5, 2017, McDonald was charged in a five-count Indictment issued by a Federal Grand Jury for the Western District of Arkansas. ECF No. 9. Counts One and Two charged McDonald with Online Enticement of a Minor in violation of 18 U.S.C. § 2422(b). *Id.* Count Three charged McDonald with knowingly receiving child pornography in violation of 18 U.S.C.

---

[1] Collectively, the Court will refer to the Motion and the Supplement as the "Motion."
[2] The "Procedural Background" is taken from the docket and the filings in this case.

§§ 2252A(a)(2) and (b). *Id.* Count Four charged McDonald with knowing possession of a computer containing images of child pornography in violation of 18 U.S.C. §§ 2552A(a)(5)(B) and (b)(2). *Id.* Count Five charged McDonald with possession of ammunition as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Id.* The Indictment also included two forfeiture allegations. *Id.*

On October 10, 2017, McDonald pled guilty to Counts One and Five of the Indictment. ECF No. 24. McDonald's Plea Agreement was submitted. *Id.* The Plea Agreement set forth the factual basis for each count in McDonald's guilty plea, and McDonald agreed that he "has committed each of the elements of the crimes" to which he was pleading guilty. *Id.* ¶ 3. McDonald also agreed that the factual basis in the agreement was "true and undisputed." *Id.* Because it has bearing in this case, the full text of that portion of the Plea agreement is as follows:

> The Defendant has *fully discussed* with defense counsel the facts of this case and the elements of the crimes to which the Defendant is pleading guilty. The Defendant has committed *each of the elements* of the crimes to which the Defendant is pleading guilty, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed: . . .

*Id.* (emphasis added).

A Presentence Investigation Report ("PSR") was prepared and a final PSR was filed on January 18, 2018. ECF No. 31. In this PSR, McDonald was assigned a base level offense of 32 for Count One with a two-level increase for specific offense characteristics (offense involved a minor who had attained the age of 12 but not the age of 16) and an additional two-level increase for specific offense characteristics (offense involved (B) the use of a computer or an interactive computer service to (i) persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct, or to otherwise solicit participation by a minor to such conduct; or (ii)

solicit participation with a minor in sexually explicit conduct). *Id.* ¶¶ 36-38. This resulted in an adjusted offense level of 36 for Count One. *Id.* ¶ 42.

For Count Five, McDonald was assigned a base level offense of 14 with no increase for specific offense characteristics. ECF No. 31 ¶ 43. Because McDonald received a higher adjusted offense level for Count One, the PSR used that adjusted level of 36. *Id.* ¶ 50. McDonald received a five-level enhancement pursuant to USSG § 4B1.5(b) because the offense was a "sex crime under Chapter 117 of 18 U.S.C., and the defendant engaged in a pattern of activity involving prohibited sexual conduct." *Id.* ¶ 53. McDonald received a three-level reduction for acceptance of responsibility. *Id.* ¶¶ 55-56. This resulted in a total offense level of 38. The PSR included McDonald's criminal history, and McDonald was assigned a criminal history category of II. ECF No. 31 ¶ 113. Considering his history and his offense level, McDonald was assigned a guideline range of 262 to 327 months. *Id.*

On March 27, 2018, about five months following his guilty plea and prior to his sentencing proceeding, McDonald sent a *pro se* letter to the Court seeking to withdraw his guilty plea and to have his attorney replaced. ECF No. 34. The Court denied those requests. ECF No. 36.

On November 7, 2018, McDonald appeared before Judge Hickey and was sentenced to 210 months imprisonment based upon a guideline range of 168 to 210 imprisonment, which Judge Hickey determined to be appropriate for Count One. ECF No. 42. This was a downward departure from the recommended range of 262 to 327 months in the PSR. *Id.* For Count Five, McDonald was sentenced to 120 months to run concurrently with his Count One sentence. *Id.* The judgment was entered on November 8, 2018. ECF No. 43. McDonald timely appealed this judgment. ECF No. 45. On July 24, 2019, the Eighth Circuit dismissed that appeal. ECF No. 55.

On November 19, 2019, McDonald filed a *pro se* Motion for Relief under 28 U.S.C. § 2255. ECF No. 57. With this Motion, McDonald raised two claims for relief:

1. His trial counsel[3] was ineffective for failing to challenge the absent intent element for his alleged offense under 18 U.S.C. § 2422(b); and

2. His trial counsel was ineffective for failing to raise a missing element challenge to the possession of his ammunition charge under 18 U.S.C. § 922(g)(1).

*Id.* The Government responded to this Motion on March 6, 2020. ECF No. 62. In this response, the Government claims McDonald's Motion should be dismissed. *Id.*

**2.     Applicable Law:**

A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.").

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

**3.     Discussion:**

The Government claims McDonald's Motion should be dismissed in its entirety. Upon review, the Court finds the Government's claims are merited, and McDonald's Motion should be dismissed.

**A.     Intent Element of 18 U.S.C. § 2422(b)**

---

[3] McDonald was represented at trial by court appointed counsel, Mr. Travis Morrissey.

4

McDonald claims his counsel was ineffective for failing to challenge the absent intent element of 18 U.S.C. § 2422(b). ECF No. 57 at 4. McDonald claims this provision requires proof of the intent element "by the commission of an act towards an interstate meeting to occur, not merely 'sex chat' on the internet." *Id.* In response to this allegation, the Government argues McDonald's claim on this issue should be dismissed because he cannot establish he was prejudiced by this alleged error. ECF No. 62.

As an initial matter, the Court will first consider the standard for demonstrating ineffective assistance of counsel. In order to prevail on a claim for ineffective assistance of counsel, McDonald must show his attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To establish ineffective assistance of counsel within the context of Section 2255, a movant faces a heavy burden. *See United States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir. 1996). The burden of proving ineffective assistance of counsel is on the defendant. *See United States v. Chronic,* 466 U.S. 648, 658 (1984).

McDonald has the burden of establishing both his counsel's deficient performance and his resulting prejudice to be entitled to relief. *See, e.g., Davis v. Norris,* 423 F.3d 868, 877 (8th Cir. 2005). For three reasons, the Court finds McDonald has not met his burden of demonstrating his trial counsel's performance was deficient.

First, as outlined in the background section of this opinion, McDonald was made aware of the charges and the elements of the charges against him. He stated very clearly in his Plea Agreement that he "fully discussed with defense counsel the facts of this case and the *elements* of the crimes" to which he was pleading guilty. ECF No. 24 ¶ 3 (emphasis added). The provision McDonald is disputing under 18 U.S.C. § 2422(b) provides as follows:

5

> (b) Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States *knowingly* persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

(emphasis added). The "knowingly" element is very clearly listed in the statute.

Second, based upon the Court's review of the transcript in this matter, the evidence against McDonald as to these charges was compelling and overwhelming. His trial counsel was aware of these facts and only objected to claims that would be merited or assist his client. As noted in the PSR, for example, the Government had evidence that McDonald had persuaded an additional underage victim to send him nude photos of herself. ECF No. 31 ¶¶ 24-25. The Government also had evidence pertaining to a fifteen-year-old female whom McDonald asked to have sex with his niece while he filmed. *Id.* ¶ 22. Testimony from and evidence pertaining to these additional victims likely would have been admitted under Rule 404(b) as evidence of McDonald's intent to commit the § 2422(b) crimes against the victims of Counts One and Two. *See, e.g., United States v. Riepe,* 858 F.3d 552, 560 (8th Cir. 2017) (upholding such an admission).

Third and finally, likely in light of this evidence, McDonald expressed no interest in going to trial as to the charges against him. At the change of plea hearing, McDonald unequivocally stated he did not want to go trial in this case: "I don't want a trial." ECF No. 35 at 8. Thus, considering his desire to not go to trial, McDonald had chosen to accept a plea deal. McDonald cannot now claim he did not intend to do so based upon his misunderstanding the elements of 18 U.S.C. § 2422(b). Thus, the Court finds McDonald has not met the first prong of *Strickland*.

As a final note, the Court finds McDonald's counsel's performance was not only *not* deficient but was highly competent. Indeed, McDonald's PSR recommended a range of 262 to 327 months. ECF No. 31 ¶ 113. Primarily due to the advocacy of his trial counsel and the

objections he filed to McDonald's PSR, McDonald received a far lesser sentence and was ultimately sentenced to 210 months imprisonment. ECF No. 50. Also due to his trial counsel's work, the charges against McDonald were reduced from five counts to two counts. *Id.* McDonald was sentenced to 210 months as to Count One and sentenced to 120 months as to Count Five; but the Court chose to run those sentences concurrently, in part, because of trial counsel's representation of McDonald. *See id.*

### B. Ammunition Charge under 18 U.S.C. § 922(g)(1)

McDonald claims his counsel was ineffective for failing to challenge the felon in possession of ammunition charge against him that was made pursuant to 18 U.S.C. § 922(g)(1). ECF No. 27 at 5. In the Supplement to Motion to Vacate filed on McDonald's behalf, McDonald clarifies that claim and argues that it is made pursuant to the recent Supreme Court case *United States v. Rehaif,* 139 S. Ct. 2191. ECF No. 60 at 1.

Once again, however, to be entitled to relief under Section 2255, McDonald must demonstrate the two requirements of *Strickland* are met. As outlined more fully above, the two requirements are deficient performance and prejudice. Under the present facts, McDonald has not met his burden of demonstrating any prejudice.

Indeed, at sentencing, McDonald was *already* sentenced to 210 months as to Count One. ECF No. 50 at 31-32. His 120-month sentence as to Count Five runs concurrently with his sentence for Count One. *Id.* Thus, even if McDonald's claims are completely merited, and he was improperly charged and sentenced under 18 U.S.C. § 922(g)(1), he cannot meet his burden of demonstrating prejudice as required by *Strickland.* He was already serving a 210-month sentence.

Furthermore, apart from his bare claim on this issue, McDonald has submitted no evidence demonstrating he was unaware of his obligations to not possess ammunition because he has a

felony conviction. ECF No. 27. McDonald has the burden of demonstrating he is entitled to relief under Section 2255. Here, he has not met that burden.

### C. Actual Innocence

As a final point, in his briefing in matter, McDonald claims he is innocent of the charges against him. ECF No. 57. In collateral proceedings, "actual innocence" requires a defendant to show that "in light of all the evidence it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States,* 523 U.S. 614, 623 (1998). Here, in the present action, apart from his bare claims on the matter, McDonald has not demonstrated his actual innocence.

As to Count One, the record demonstrates he pled guilty to the facts against him and to the facts underlying the elements of the charges. As noted above, the Government could have used even more compelling evidence against him than they did use. As for Count Five, apart from his bare claim on this matter that he was not aware of his obligations as a convicted felon, McDonald has offered no further evidence demonstrating his actual innocence. Stated simply, McDonald has not supplied sufficient evidence of actual innocence to entitle himself to relief under Section 2255.

### 4. Recommendation:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No. 57) be **DENIED** and dismissed with prejudice.[4] The Court further recommends no Certificate of Appealability issue in this matter.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are**

---

[4] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*

**reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court**. *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **2nd day of April 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE