IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                                    RESPONDENT

v.　　　　　　　　　　　　No. 6:17-cr-60014
　　　　　　　　　　　　　　No. 6:21-cv-06030

TODD MCDONALD                                                                                        MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Respondent's Motion to Dismiss Movant's Pro Se Second Motion Under 28 U.S.C. § 2255.  ECF No. 76.  This Motion was filed on May 26, 2021, and Movant Todd McDonald ("McDonald") has filed no response.  The time to respond has expired.  *See* Local Rule 7.2(b).

McDonald filed the current Motion to Vacate under 28 U.S.C. § 2255 on March 18, 2021.  ECF No. 71.  Respondent seeks to have this Motion dismissed as a second or successive motion.  ECF No. 76.  Respondent's Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of this case, and this Motion is ripe for consideration.  Considering this Motion, and for the reasons outlined below, the Court recommends Respondent's Motion be **GRANTED,** and McDonald's current Motion to Vacate under 28 U.S.C. § 2255 be dismissed as a second or successive motion.

**1.     Procedural Background:**

The procedural background of this case is fully outlined in the Court's prior Report and Recommendation entered on April 2, 2020.  ECF No. 63.  As stated in that Report and Recommendation, on April 5, 2017, McDonald was charged in a five-count Indictment issued by a Federal Grand Jury for the Western District of Arkansas.  ECF No. 9.  Counts One and Two charged McDonald with Online Enticement of a Minor in violation of 18 U.S.C. § 2422(b).  *Id.*

1

Count Three charged McDonald with knowingly receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b). *Id.* Count Four charged McDonald with knowingly possessing a computer containing images of child pornography in violation of 18 U.S.C. §§ 2552A(a)(5)(B) and (b)(2). *Id.* Count Five charged McDonald with possession of ammunition as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Id.* The Indictment also included two forfeiture allegations. *Id.*

On October 10, 2017, McDonald pled guilty to Counts One and Five of the Indictment. ECF No. 24. On November 7, 2018, McDonald appeared before Judge Hickey and was sentenced to 210 months imprisonment based upon a guideline range of 168 to 210 imprisonment. ECF No. 42. Thereafter, McDonald filed his original Motion to Vacate under 28 U.S.C. § 2255. ECF No. 57. In a Report and Recommendation entered on April 2, 2020, this Court recommended McDonald's Motion be denied. ECF No. 63. Judge Hickey adopted this Report and Recommendation and denied McDonald's Motion. ECF No. 64.

McDonald then requested a certificate of appealability from the Eighth Circuit. ECF No. 65. On November 9, 2020, the Eighth Circuit denied this request as follows: "The court has carefully reviewed the original file of the district court, and the application for a certificate of appealability is denied." ECF No. 70-1. Thereafter, on March 18, 2021, McDonald filed the current Motion under 28 U.S.C. § 2255. ECF No. 71. Respondent seeks to have this Motion dismissed. ECF No. 76.

**2.     Discussion:**

Under the Anti-Terrorism and Effective Death Penalty Act or "AEDPA," McDonald was required to obtain a certification by a panel of the Eighth Circuit prior to filing this 2255 Motion. *See* 28 U.S.C. § 2244(b) (1996). This provision provides as follows: "Before a second or

successive application permitted by this section is filed in the district court, the applicant *shall move* in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* (emphasis added).

McDonald did not seek the authorization to proceed from the Eighth Circuit in this instance.[1] Without this authorization, this Court has no jurisdiction over this case. *See, e.g., Boykin v. United States,* 242 F.3d 373 (8th Cir. 2000) (recognizing that, under AEDPA, a district court lacks jurisdiction when the defendant does not first seek a certification from the applicable court of appeals). Thus, Respondent's Motion to Dismiss (ECF No. 76) should be **GRANTED,** and McDonald's Motion under 28 U.S.C. § 2255 (ECF No. 71) should be dismissed.

**3.     Recommendation:**

Accordingly, based on the foregoing, it is recommended McDonald's Motion (ECF No. 71) be **DISMISSED** as a second or successive 2255 Motion.[2] Pursuant to 28 U.S.C. §1915(a), I recommend the finding that an appeal from dismissal would not be taken in good faith. Further, because McDonald has attempted to circumvent the well-established rules in filing 2255 Motions and has failed to comply with the requirement that he seek leave prior to filing a second or successive 2255 Motion, the Court finds McDonald is **BARRED** from any further filings with the Court without first seeking leave prior to filing. Finally, it is recommended that all other pending motions, including McDonald's Motion to Transfer (ECF No. 77), be **DENIED.**

---

[1] McDonald has also filed a Motion to Transfer to the Eighth Circuit. ECF No. 77. With this Motion, he seeks to have this Court transfer his claims directly to the Eighth Circuit because of his "actual innocence." This Court similarly lacks jurisdiction to "transfer" this proceeding to the appellate court. McDonald may seek authorization directly from the Eighth Circuit to proceed with this successive motion pursuant to 28 U.S.C. § 2244(b) (1996).

[2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**DATED this 28th day of June 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE